J-S38042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| EDWARD JOSEPH MEDELO | |
| Appellant | No. 3335 EDA 2016 |

Appeal from the PCRA Order September 30, 2016
in the Court of Common Pleas of Lehigh County Criminal Division
at No(s):
CP-39-CR-0003579-2012
CP-39-CR-0005310-2012
CP-39-CR-0005314-2012

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED AUGUST 21, 2017**

Appellant Edward Joseph Medelo appeals from an order denying his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court accurately summarized the factual and procedural history of this case as follows:

> Between May 8, 2012, and June 11, 2012, [Appellant] and a confederate burglarized or attempted to burglarize various convenience stores and/or gas stations throughout Lehigh and Northampton Counties. The *modus operandi* for this burglary spree was the use of a rock or brick to break windows in order to gain entry into these businesses. Once inside, the burglars stole primarily cartons of Newport and/or Marlboro cigarettes. The spree ended on June 11, 2012, when they attempted to enter a

---

[*] Former Justice specially assigned to the Superior Court.

store named the Binny Mart by smashing a front window. A passerby observed two males wearing hooded sweatshirts running from the store and called 9-1-1. The vehicle that the suspects used to depart the scene was stopped a short time later, and [Appellant]'s involvement in all of these burglaries was uncovered.

[Appellant] entered open *nolo contendere* pleas to twelve (12) counts of Burglary,[fn1] two (2) counts of Attempted Burglary,[fn2] and one (1) count of Criminal Conspiracy to Commit Burglary.[fn3] Following [Appellant]'s plea, a presentence report was requested, which disclosed thirteen (13) prior convictions, including seven (7) prior burglary convictions. It appears that in those burglaries, "rocks were used to smash doors or windows to enter the building and cigarettes were taken." The report also disclosed that [Appellant], who has never held verifiable employment, has a history of using heroin. He indicated at the guilty plea and sentencing that his heroin addiction was the driving force behind his crimes.

---

[fn1] 18 Pa.C.S. § 3502(a).

[fn2] 18 Pa.C.S. §[§] 3502(a), 901(a).

[fn3] 18 Pa.C.S. §[§] 3502(a), 903(a).

---

Prior to sentencing, trial counsel, David Ritter, Esquire, was permitted to withdraw from his representation of [Appellant], and new counsel, Charles Banta, Esquire, was appointed on August 5, 2013. On September 19, 2013, Attorney Banta filed a petition to withdraw [A]ppellant's *nolo contendere* pleas. However, on October 28, 2013, the date of sentencing, that petition was withdrawn and [Appellant] was sentenced. Following a full sentencing proceeding, a total sentence of not less than fourteen (14) years nor more than twenty-eight (28) years in a state correctional institution was imposed. [Appellant] was also made eligible for the Recidivism Risk Reduction Incentive Programs (hereinafter RRRI).

On March 25, 2014, a "Petition for Post-Conviction Relief" was filed on behalf of [Appellant]. [Appellant] alleged that Attorney Banta was ineffective for failing to file a requested appeal to the Superior Court. Robert Long, Esquire, was appointed to represent [Appellant] and an "Amended Post Conviction Petition" was filed on July 3, 2014. In that petition, Attorney Long included claims of ineffectiveness due to the failure of Charles Banta, Esquire, counsel at sentencing, to file a requested appeal, as well as errors in the plea process which should permit [A]ppellant to again withdraw his pleas.

A hearing on the Amended PCRA petition was held on September 22, 2014. Once again, [Appellant] decided not to pursue his request to withdraw his pleas. However, he was granted relief by permitting him to file a Notice of Appeal *Nunc Pro Tunc* within thirty (30) days. Counsel did so on October 3, 2014. Thereafter, the Superior Court affirmed the judgment of sentence on April 14, 2015. [Commonwealth v. Medelo, 2896 EDA 2014 (Pa. Super. filed Apr. 14, 2015].

[Appellant] filed this . . . *pro se* PCRA petition on January 15, 2016. Counsel was appointed and an Amended PCRA petition was filed on April 18, 2016. It is alleged, as previously stated, that the Commonwealth's global offer of a minimum sentence of seven years was not communicated to [Appellant] by trial counsel. At the hearing held on September 7, 2016, the parties stipulated to the use of the testimony from the previous PCRA hearing held on September 22, 2014, for the resolution of the current claim. Following the hearing, the PCRA Court issued an opinion [and order] dismissing [Appellant]'s PCRA petition.

PCRA Ct. Op., 11/21/16, at 2-4.

Appellant filed a timely notice of appeal from the order dismissing his amended second PCRA petition. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On January 25, 2017, PCRA counsel filed an application in this Court to withdraw as counsel along with a "no merit" letter brief in accordance with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Two preliminary matters require mention. First, in September 2014, the PCRA court granted Appellant leave to file a direct appeal *nunc pro tunc.* In April 2015, this Court affirmed Appellant's judgment of sentence on direct appeal. Appellant filed his present PCRA petition in January 2016, within one year after this Court affirmed his judgment of sentence on direct appeal. Accordingly, we will treat Appellant's present PCRA petition as a timely filed first petition. *See Commonwealth v. Callahan*, 101 A.3d 118, 122 (Pa. Super. 2014) (citations omitted) ("when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes").

Here, counsel filed a *Turner*/*Finley* "no-merit" letter on appeal and a separate motion to withdraw as counsel. Counsel's letter informed Appellant of counsel's intent to withdraw, discussed the issue Appellant wished to raise, explained why the issue merits no relief, and indicated that counsel enclosed a copy of the motion to withdraw. However, counsel improperly indicated that Appellant could proceed *pro se* or with private counsel if this Court granted counsel request to withdraw. *See Commonwealth v.*

***Muzzy***, 141 A.3d 509, 512 (Pa. Super. 2016).  On February 17, 2017, this Court ordered counsel to file in this Court copies of a letter addressed to Appellant advising him of his immediate right to proceed *pro se* or with privately retained counsel.  Counsel complied with this order and advised Appellant "[a]t this time you may immediately proceed in the appeal pro se or through private counsel.  You do not have to wait until the Superior Court rules on my Motion to Withdraw."  Letter from Counsel to Appellant, 2/28/17.  Therefore, we conclude that counsel has substantially complied with the ***Turner***/***Finley*** requirements, and we proceed to an independent evaluation.  ***See Commonwealth v. Widgins***, 29 A.3d 816, 819-20 (Pa. Super. 2011) (court must conduct an independent review and agree with counsel that issues raised were meritless).

The sole issue raised in this appeal is

> [whether trial] counsel was ineffective for not communicating the Commonwealth's global offer of a minimum sentence of seven years to . . . Appellant prior to the expiration of said offer.

***Turner***/***Finley*** letter, at 2.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error."  ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

> It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and

that such deficiency prejudiced him. **Strickland v. Washington**, [ ] 104 S. Ct. 2052, [ ] (1984). This Court has characterized the **Strickland** standard as tripartite, by dividing the performance element into two distinct parts. **Commonwealth v. Pierce**, [ ] 527 A.2d 973, 975 ([Pa.] 1987). Thus, to prove counsel ineffective, [a]ppellant must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) [a]ppellant was prejudiced by counsel's act or omission. **Id.** at 975.

**Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012).

The PCRA court properly rejected Appellant's claim of ineffectiveness, because the record demonstrates that trial counsel notified Appellant of the Commonwealth's offer of a seven year sentence prior to the deadline for accepting this offer. As noted above, the parties agreed to the admission of all testimony from the PCRA hearing on September 22, 2014 in order to resolve Appellant's current claim. Trial counsel testified during this hearing that the Commonwealth extended "numerous plea offers" to Appellant prior to the scheduled date of trial, but "[e]ach time [Appellant] rejected the offers." N.T., 9/22/14, at 44-46. One offer was for Appellant's aggregate minimum sentence not to exceed seven years' imprisonment. **Id.** at 49. The deadline given by the Commonwealth for accepting this offer was April 19, 2013. Trial counsel reviewed the offer with Appellant prior to the deadline, but Appellant rejected the offer. **Id.** at 50-51. Only when trial was about to commence on May 14, 2013 did Appellant decide to enter an open guilty plea, which resulted in a sentence of fourteen to twenty-eight years' imprisonment.

The PCRA court determined that trial counsel's testimony "was both credible and corroborated by the evidence." PCRA Ct. Op. at 5. We agree that the evidence supports the PCRA court's determination that trial counsel discussed the seven year offer with Appellant prior to the deadline for accepting this offer, but that Appellant turned it down. Further, we agree with the PCRA court's observation that Appellant cannot blame trial counsel for his own stubborn refusal to accept this offer: "In light of the potential sentence facing [Appellant, trial] counsel had every reason to try to bring [Appellant] to a rational conclusion of the charges. However, to paraphrase a well-known proverb, you can lead a horse to water, but you can't make him [dr]ink." *Id.* at 7.

For these reasons, the PCRA court properly denied Appellant's PCRA petition.

Order affirmed. Motion to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2017

- 7 -